**Ballard Spahr LLP**

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Marjorie J. Peerce
Tel: 646.346.8039
Fax: 212.223.1942
peercem@ballardspahr.com

December 2, 2019

*By Electronic Filing*

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *People of the State of New York v. Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing and American Education Services*, 19-cv-9155

Dear Judge Ramos:

Pursuant to Rule 2.A.ii of Your Honor's Individual Practices, defendant Pennsylvania Higher Education Assistance Agency (PHEAA) requests a pre-motion conference regarding PHEAA's contemplated Rule 12(b)(1), 12(b)(6), and 12(b)(7) motion to dismiss the Complaint brought by the People of the State of New York (NYAG). The bases for PHEAA's motion to dismiss are the following: (1) PHEAA is entitled to derivative sovereign immunity as a federal contractor; (2) many of the underlying student borrower claims are not ripe; (3) the NYAG failed to join an indispensable party (the U.S. Department of Education); (4) federal law preempts the state law claims; (5) the NYAG failed to comply with the Consumer Financial Protection Act's (CFPA) required notice provisions; and (6) the NYAG is not entitled to civil penalties under the CFPA.

***Factual Background.***   PHEAA—on behalf of the U.S. Department of Education (the Department)—services student loans issued and guaranteed by the federal government. The Department directly regulates PHEAA through statute, regulation, and contract, and must approve any and all interactions that PHEAA has with federal borrowers and any and all changes PHEAA makes to its servicing policies and procedures pertaining to federal loans. This case concerns allegations of deceptive, unfair, and abusive acts and practices arising out of PHEAA's servicing of the student loans of New York borrowers seeking Public Services Loan Forgiveness (PSLF) pursuant to a federal contract with the Department. The NYAG alleges that PHEAA's acts and practices violated the CFPA and New York state law.

The NYAG's allegations center on errors and omissions that PHEAA purportedly made while servicing New York borrower loans, including miscounting borrower PSLF payments, not providing timely explanations of qualifying payment determinations, making errors in determining payment amounts for income-driven repayment plans, inconsistently resolving errors, failing to discuss income-driven repayment or discuss the negative aspects of loan consolidation, and providing inconsistent information about deferments for borrowers with cancer. The NYAG acknowledges that, in approximately half of the instances it cites, PHEAA remediated whatever condition or error that allegedly occurred. (*See* Compl. ¶¶ 98-101, 112, 122, 162, 207-14, 230-33, 256-57, 270.) Nevertheless, the NYAG alleges that borrowers experienced a variety of harms, including that PHEAA's alleged miscounting, delayed explanations, and inconsistent resolution of errors resulted in the borrowers' repayment terms being extended. (*Id*. ¶¶ 11, 113, 168, 264.) In

NYAG v. PHEAA, No. 19-cv-9155
Page 2

bringing these claims, the NYAG impermissibly seeks to supplement or supplant the Department's extensive regulation of PHEAA.

***Sovereign immunity.*** A federal contractor like PHEAA is entitled to derivative sovereign immunity when "(1) the government authorized the contractor's actions and (2) the government validly conferred that authorization." *Cunningham v. Gen. Dynamics Info. Tech*, 888 F.3d 640, 643 (4th Cir. 2018) (citing *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20–21 (1940)) (internal quotation marks omitted). To defeat a federal contractor's assertion of derivative sovereign immunity, a plaintiff must show "that a private contractor acted pursuant to invalidly conferred authority or exceeded its validly conferred authority." *Scott v. J.P. Morgan Chase & Co.*, 296 F. Supp. 3d 98, 107 (D.D.C. 2017).

Here, the Higher Education Act (HEA) authorizes the Department to contract with PHEAA to provide loan servicing. *See* 20 U.S.C. 1087f(a). Moreover, through this contract, the Department authorized PHEAA to service the federal loans at issue. (Compl. ¶ 34 (discussing PHEAA's contract with the Department)). Finally, in servicing the loans, PHEAA complied with and did not exceed the terms of the contract with the Department or the Department's direction; in some instances of which the NYAG complains, PHEAA's conduct is directly pursuant to Department policy, and in instances in which loans required remediation, PHEAA remediated the loans pursuant to the Department's express direction. In no instance is PHEAA alleged to have discovered an error and failed to (i) notify the Department and (ii) remediate in accordance with the Department's express direction. Accordingly, PHEAA is entitled to derivative sovereign immunity and this Court consequently lacks subject matter jurisdiction.

Alternatively, if the Court is unable to determine whether PHEAA is entitled to derivative sovereign immunity based on the current record, PHEAA requests that the Court order pre-jurisdictional discovery limited to this issue.

***Ripeness***. The NYAG's claims relating to PHEAA's alleged miscounting of payments, delayed explanations, and inconsistent error resolution are not ripe because the alleged harms for these claims—that the borrowers' repayment terms will be prolonged and the borrowers will be required to make more than the necessary 120 payments to obtain Public Service Loan Forgiveness (Compl. ¶¶ 11, 113, 168, 264)—are contingent on future events. Specifically, many such borrowers are years (and dozens of payments) away from forgiveness, and there is no guarantee that they will continue making payments or working for qualifying employers. (*See, e.g.*, Compl. ¶ 98 (borrower is at least six years from payment).) Claims are not ripe and should be dismissed if they depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Tesler v. Cacace*, 607 F. App'x 87, 88 (2d Cir. 2015) (citation omitted). Moreover, because the governing statutes and regulations may be subject to amendment, waiting until borrowers allege that they are currently entitled for forgiveness will increase the chance that the Court will apply the appropriate law and reduce the chance of multiple proceedings or a potentially moot decision. *See Simmonds v. INS*, 326 F.3d 351, 359 (2d Cir. 2003). PSLF-related claims based on the experience of borrowers who do not allege that they have made 120 qualifying payments should therefore be dismissed as unripe. *See Winebarger v. Pa. Higher Ed. Assistance Agency*, _ F. Supp. 3d __, No. 19-1503-JFW, 2019 U.S. Dist. LEXIS 196821, at *23-24 (C.D. Cal. Aug. 21, 2019) (claims were unripe because plaintiffs' harm was based on two future contingencies: that (1)

NYAG v. PHEAA, No. 19-cv-9155
Page 3

plaintiffs would complete 120 qualifying payments and (2) there would be no adjustments to correct prior errors) (opinion attached).

***Indispensable party.***  The Court should dismiss the Complaint because the Department, a necessary and indispensable party under Rule 19, cannot be joined as a party. *See Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000) (applying a two-step test: whether the party is (1) necessary and (2) indispensable).  The Department is a necessary and indispensable party because, as discussed above, the Department has a strong interest in the litigation based on its ownership of the at-issue loans, is a party to the contract that is the subject of this litigation, and must approve any and all interactions that PHEAA has with federal borrowers and any and all changes PHEAA makes to its servicing policies and procedures for federal loans. *See Ryan v. Volpone Stamp. Co. Inc.*, 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000) ("a party to a contract which are the subject of the litigation is considered a necessary party").  Further, as a practical matter, all records of PHEAA's servicing of the loans at issue are records over which the Department retains complete control, and the Department accordingly has prohibited PHEAA from sharing those records absent the Department's express approval.  Additionally, in the event the Court ultimately considers non-monetary relief, PHEAA is unable, pursuant to its contract, to implement changes to its policies and procedures absent Department approval.  As a result, any such order would be ineffective absent joinder of the Department.  As a result, the Court should dismiss the Complaint.

***Preemption.***  The HEA expressly preempts "*any* disclosure requirement of *any* State law" that purports to apply to the servicing of federal student loans. 20 U.S.C. § 1098g (emphasis added).  Because the NYAG's state-law claims concern alleged omissions or affirmative misrepresentations by PHEAA, these disclosure-based claims are expressly preempted.  *See Winebarger*, 2019 U.S. Dist. LEXIS 196821, at *26-28 (recognizing preemption of state-law misrepresentation claims).  Conflict preemption, too, bars the NYAG's state-law claims because the allowance of such claims would disrupt the uniform servicing of federal student loans and undermine Congress's "unmistakable command" in enacting the HEA of "[e]stablish[ing] a set of rules that will apply across the board." *Chae v. SLM Corp.,* 593 F.3d 936, 945 (9th Cir. 2010); *see also Winebarger*, 2019 U.S. Dist. LEXIS 196821, at *28-29 (state law misrepresentation claims undermine Congress's objective of uniformity).  The Court should thus dismiss the NYAG's state-law claims.

***Notice and Civil Penalties***.  Under the CFPA, 12 U.S.C. § 5552, the NYAG was required to allege that it provided written notice and a complaint to the Consumer Financial Protection Bureau (CFPB).  12 U.S.C. § 5552(b)(1)(A).  The NYAG failed to do so.  Additionally, the NYAG's request for civil penalties under the CFPA is not authorized by statute.  Civil penalties are available as a remedy only in actions brought by the CFPB itself.  12 U.S.C. § 5565(c)(1), (c)(3).

In light of the foregoing, PHEAA respectfully requests that the Court schedule a pre-motion conference to address the proposed motion.

Respectfully submitted,

*/s/ Marjorie J. Peerce*

Marjorie J. Peerce