

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA
BUREAU CHIEF
CONSUMER FRAUDS & PROTECTION BUREAU

December 11, 2019

The Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *State of New York v. Pennsylvania Higher Educ. Assistance Agency*, No. 19-cv-9155 (ER)

Dear Judge Ramos:

Plaintiff the New York Office of the Attorney General ("NYAG") hereby responds to defendant Pennsylvania Higher Education Assistance Agency ("PHEAA")'s December 2, 2019 request for a pre-motion conference pursuant to Rule 2.A.ii of this Court's Individual Practices.

**Facts.** NYAG has brought claims under federal and state law for PHEAA's deceptive, unfair, and abusive practices in servicing federal student loans of New York residents owned by both the federal government and private loan-holders.  PHEAA is responsible for such tasks as billing borrowers, collecting their payments, and helping them understand their options.  Also, PHEAA is the exclusive servicer for the Public Service Loan Forgiveness ("PSLF") program, responsible for tracking the progress of borrowers working in public service towards the 120 qualifying loan payments required for forgiveness of their federal loans.[1]  Although PHEAA services these loans pursuant to contracts with the Department of Education ("ED") and the private loan-holders, there is little oversight of its day-to-day activities, such as calls with borrowers.

PHEAA has systematically failed to meet its responsibilities as a servicer.  Among many other issues, it has provided borrowers seeking PSLF incorrect qualifying payment counts and delayed more than a year in some cases even explaining the basis of its counts.  These errors and delays have been devastating for public-service employees relying on timely forgiveness of their loans, even prompting some people to give up on the program.  PHEAA has also miscalculated payment amounts for borrowers in income-driven repayment plans (which base monthly

---

[1] Borrowers seeking PSLF forgiveness must make 120 payments while working in public service (and in accordance with a few additional requirements), and PHEAA provides borrowers with "qualifying payment" counts that should reflect their progress towards that goal.

payments on income) and has failed to timely process borrower applications for such plans, confronting borrowers with bills they have already demonstrated they lack the ability to pay.

**Sovereign immunity.**  PHEAA incorrectly asserts that, as a federal contractor, it possesses derivative sovereign immunity.  However, "[w]hen a contractor violates both federal law and the Government's explicit instructions…no 'derivative immunity' shields the contractor from suit." *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 672 (2016); *Cunningham*, 888 F.3d at 647.  Indeed, "the contractor must adhere to the government's instructions to enjoy derivative sovereign immunity; staying within the thematic umbrella of the work that the government authorized is not enough.'" *In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 345 (4th Cir. 2014)).

None of PHEAA's misconduct under federal and state law was specifically authorized by ED; to the contrary, PHEAA often *failed* to carry out tasks as ED intended and was also in violation of ED's directions that PHEAA comply with federal and state law.  PHEAA cannot claim, for instance, that ED specifically authorized it not to count payments towards forgiveness which are unambiguously qualifying payments under the applicable federal statute and regulations.[2]

**Ripeness**.  PHEAA's assertion that several of NYAG's claims (incorrect payment counts, delays or denials of explanations for not treating payments as qualifying, and inconsistent treatment of borrowers) are not ripe is incorrect.  First, NYAG alleges both generally (Compl. ¶¶ 75, 116-119) and with respect to a specific borrower (*id.* ¶ 122) that PHEAA's incorrect payment counts have already led to the denial of forgiveness to borrowers who have, in fact, qualified for it. Moreover, PHEAA misconstrues the basis of its liability here.  In order to bring suit to enforce Dodd-Frank's prohibition on deceptive acts or practices, the CFPB or a state attorney general must demonstrate only "three elements: (1) a representation, omission, or practice, that (2) is likely to mislead consumers acting reasonably under the circumstances, and (3) [that] the representation, omission, or practice is material." *Consumer Fin. Prot. Bureau v. NDG Fin. Corp.*, 2016 WL 7188792, at *14 (S.D.N.Y. Dec. 2, 2016).  There is no need to show consumer injury, such as actual denial of forgiveness, in the present or the future. *Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*, 2016 U.S. Dist. LEXIS 22644 at *10 (S.D. Cal.).  NYAG has alleged all three elements of its claim.[3]

Meanwhile, with respect to its claims for unfairness under the Dodd-Frank Act, NYAG need show only that PHEAA's practices are "*likely to* cause substantial injury to consumers." 12 U.S.C. § 5531(c)(1)(A). As just noted, borrowers have already been denied forgiveness due to PHEAA's incorrect payment counts. And, given the more than a million borrowers now pursuing PSLF, with more borrowers approaching the required 120 payments every month (over 90,000 having already applied for forgiveness), under any reasonable standard PHEAA's unfair conduct, e.g., miscounting payments, is likely to cause substantial injury to consumers.  PHEAA's reliance on a case involving an individual borrower is inapposite.  This is a law enforcement

---

[2] Additionally, PHEAA cannot claim immunity with respect to NYAG's claims concerning its conduct servicing privately-held federal loans.
[3] Proof of injury is also not an element of a claim for abusive practices under Dodd-Frank, 12 U.S.C. § 5531(d), or the state law claims under NY Exec. Law 63(12) and GBL 349.

action for deceptive, unfair and abusive practices where a showing of individualized injury is not required.

**Indispensable party**. ED is not, as PHEAA suggests, an indispensable party to this litigation. This argument has already been rejected in a similar consumer-protection litigation brought by Massachusetts. *Massachusetts v. Pennsylvania Higher Educ. Assistance Agency*, 1784CV02682-BLS2 at 15-16 (Massachusetts Sup. Ct. Feb. 28, 2018) (attached). Contrary to PHEAA's claim, the contract between ED and PHEAA is not "the subject of this litigation," in which NYAG has raised no breach of contract claims and is not seeking to enforce the contract in itself. Rather, the subject of this litigation is PHEAA's conduct towards borrowers. As for PHEAA's "practical" arguments, ED lacks authority to prevent PHEAA from producing documents pursuant to court order. Finally, speculative concerns about ED's supposedly needing to authorize potential relief also do not make ED an indispensable party.

**Preemption**. NYAG's state-law claims are not expressly preempted under 20 U.S.C. § 1098(g) because, according to PHEAA itself, they deal with "affirmative misrepresentations" and other forms of misconduct and thus do not implicate the law's preemption of "disclosure requirements." Other courts interpreting § 1098(g) in the context of similar consumer-protection claims against federal loan servicers have agreed. *See, e.g., Nelson v. Great Lakes Educ. Loan Servs., Inc.*, 928 F.3d 639, 649 (7th Cir. 2019) (where deceptive statements by servicer are "not required by federal law," "state law can impose liability on these affirmative misrepresentations without imposing additional disclosure requirements…and thus avoid preemption under § 1098g"). PHEAA's argument that simply applying ordinary standards of consumer protection to servicers would frustrate Congress's ability to carry out its intent in establishing the student loan program has also been rejected, as "impos[ing] an expansive and unsupported level of [conflict] preemption that would reach the level of field preemption." *Pennsylvania v. Navient Corp.*, 354 F.Supp.3d 529, 553 (M.D.Pa. 2018).

**Notice and civil penalties**. Contrary to PHEAA's claim, NYAG is not required to *allege* that it complied with 12 U.S.C. § 5552(b)(1)(A)'s requirement that the CFPB be given notice of this suit, but merely "timely provide a copy of the complete complaint to be filed and written notice" describing the proceeding to the CFPB, which it has done. Further, whether one remedy among many sought is available is not a suitable subject for a motion to dismiss.

    Respectfully submitted,
    /s/Sarah E. Trombley
    Sarah E. Trombley
    *Assistant Attorney General*
    Bureau of Consumer Frauds and Protection
    (212) 416-8294
    sarah.trombley@ag.ny.gov