# Ballard Spahr LLP

———————————————

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Marjorie J. Peerce
Tel: 646.346.8039
Fax: 212.223.1942
peercem@ballardspahr.com

December 30, 2019

*By Electronic Filing*

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *People of the State of New York v. Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing and American Education Services*, 19-cv-9155

Dear Judge Ramos:

We write on behalf of defendant Pennsylvania Higher Education Assistance Agency (PHEAA) to supplement our December 2, 2019 letter to include the doctrine of intergovernmental immunity as a basis for dismissal of the Complaint brought by the People of the State of New York (NYAG).

The doctrine of intergovernmental immunity is thematically consistent with the preemption and derivative sovereign immunity arguments already articulated in PHEAA's December 2 letter. The doctrine provides that state law violates the Supremacy Clause if it (1) "regulates the United States directly" (including through regulation of a federal contractor) or (2) "discriminates against the Federal Government or those with whom it deals." *N. Dakota v. United States*, 495 U.S. 423, 435, 438 (1990) (plurality op.). Here, the NYAG's state-law claims will necessarily affect the federal services that the U.S. Department of Education (Department) hired PHEAA to perform, and thereby regulate the effective terms of PHEAA's Contract with the Department. *See Boeing v. Movassaghi*, 768 F.3d 832, 840 (9th Cir. 2014) (invalidating California law that "mandate[d] the ways in which Boeing renders services that the federal government hired Boeing to perform" and "regulate[d] not only the federal contractor but the effective terms of the federal contract itself").

On December 20, 2019, the Department filed a Statement of Interest in another action involving PHEAA, arguing that this doctrine bars Connecticut from regulating PHEAA by way of a loan servicer licensing regime. *PHEAA v. Perez*, No. 3:18-cv-01114-MPS, (D. Conn.) (Dkt. No. 70) (attached hereto as Exhibit A), at 14–17. Because this matter, too, involves impermissible state efforts to directly regulate the federal government through regulation of a federal contractor, the intergovernmental immunity doctrine requires dismissal of the NYAG's state-law claims.

Respectfully submitted,

*/s/ Marjorie J. Peerce*

Marjorie J. Peerce

MJP/mm

NYAG v. PHEAA, No. 19-cv-9155
Page 2


cc:     Jane M. Azia, Esq. (by ECF)
         Carolyn M. Fast, Esq. (by ECF)
         Sarah E. Trombley, Esq. (by ECF)