# Ballard Spahr
### LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Marjorie J. Peerce
Tel: 646.346.8039
Fax: 212.223.1942
peercem@ballardspahr.com

January 6, 2020

*By Electronic Filing*

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:     *People of the State of New York v. Pennsylvania Higher Education Assistance Agency*
        *d/b/a Fedloan Servicing and American Education Services, 19-cv-9155*

Dear Judge Ramos:

Pursuant to Rule 2.A.i of Your Honor's Individual Practices, and Rule 37.2 of the SDNY Local Rules, Defendant Pennsylvania Higher Education Assistance Agency (PHEAA) requests a pre-motion conference regarding its contemplated motion to stay discovery in this matter pending the Court's ruling on PHEAA's motion to dismiss. Counsel for PHEAA met and conferred with counsel from the NYAG's office on January 6, 2020 by teleconference.  The NYAG opposes PHEAA's request for a stay.

***Factual Background:***  On October 3, 2019, the Attorney General of the State of New York (NYAG) brought a six-count, 359-paragraph Complaint on behalf of "tens of thousands" of individuals against PHEAA, alleging errors and omissions in PHEAA's servicing of student loans. (Compl., Doc. No. 1.)  On January 3, 2020, the Court granted PHEAA permission to move for dismissal of the Complaint on several independent grounds.  (Doc. No. 28.)

On December 31, 2019, NYAG served PHEAA with requests seeking production of 51 categories of written and electronic records relating to tens of thousands of New York borrowers over a period of seven years.  PHEAA is prepared to submit an affidavit establishing that the NYAG's requests will require lengthy and expensive efforts to comply with.  Further, most of the documents requested by NYAG consist of federal borrower records and related materials owned by the U.S. Department of Education (Department), which has instructed PHEAA not to produce such material directly, and instead to refer such requests to the Department for consideration through its *Touhy* process.

PHEAA seeks permission to file a motion to stay discovery until the Court has ruled on PHEAA's motion to dismiss.  If the Court determines that discovery is required prior to granting PHEAA's motion, PHEAA requests the Court order appropriately narrow jurisdictional discovery and stay full discovery until the Court resolves the jurisdictional issues.

NYAG v. PHEAA, No. 19-cv-9155
Page 2

**Legal Standard:** District courts have "'wide discretion' to direct the discovery process." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004) (quoting *Am. Sav. Bank, FSB v. UBS PaineWebber, Inc. (In re Fitch, Inc.)*, 330 F.3d 104, 108 (2d Cir. 2003)).  Under Federal Rule of Civil Procedure 26(c), the party seeking a stay of discovery must show "good cause." *City of N.Y. v. FedEx Ground Package Sys.*, No. 17-cv-5183, 2018 U.S. Dist. LEXIS 165807, at \*8 (S.D.N.Y. Sep. 26, 2018) (Ramos, J.).  "'Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay.'"  *Id.* (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).  "In deciding whether to grant a stay when a motion to dismiss has been filed, the court should also consider the breadth of the discovery sought, the burden of responding to the discovery sought, and the strength of the underlying motion." *Id.* (citing *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 U.S. Dist. LEXIS 78476, at \*1 (S.D.N.Y. Sept. 1, 2009)).

**Argument:** All factors weigh in favor of a stay.

<u>*NYAG's discovery requests are broad and burdensome.*</u>  PHEAA is prepared to submit one or more affidavits establishing that NYAG's discovery requests are broad and burdensome, given that they demand all "Documents" or "Communications" relating to tens of thousands of borrowers covering at least a seven-year period.  Moreover, PHEAA cannot produce most of the documents sought without the express permission of the Department.  To the extent that NYAG seeks to compel PHEAA to produce such documents, both PHEAA and the Department may be required to engage in complex and potentially unnecessary briefing on discovery issues that could be mooted by this Court's resolution of the motion to dismiss.

In cases of both similar and lesser complexity, courts routinely stay discovery pending decisions on a motion to dismiss.  For example, in *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709, 2018 U.S. Dist. LEXIS 70418, at \*14 (S.D.N.Y. Apr. 26, 2018), the court stayed discovery because plaintiffs' discovery requests that covered "many years" and "thousands" of financial transactions "would impose a significant burden on both the defendants and third parties." *Id.* at \*27–28.  Similarly, in *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 U.S. Dist. LEXIS 78476, at \*4 (S.D.N.Y. Sep. 1, 2009), the court stayed discovery because plaintiffs' discovery requests that covered a "six-year period" and required information from multiple third parties represented a significant burden on defendant. *Id.* at \*3.  Likewise, in *Campanelli v. Flagstar Bancorp, Inc.*, No. 19-cv-07299, 2019 U.S. Dist. LEXIS 211740, at \*4 (S.D.N.Y. Dec. 5, 2019), the court stayed discovery because plaintiffs' discovery requests covered a ten-year period and included confidential documents that defendant could not "disclose under federal banking regulations." *Id.* at \*4.  Because the NYAG's discovery requests are similarly broad and burdensome, we submit that a stay is appropriate.

<u>*NYAG will not be prejudiced by a brief stay.*</u>  To show prejudice for purposes of opposing a motion for a stay of discovery, a plaintiff must show that a stay will do more than simply delay discovery. *Spinelli v. NFL*, No. 13-cv-7398, 2015 U.S. Dist. LEXIS 155816, at \*6 (S.D.N.Y. Nov. 17, 2015) (declining to find prejudice towards plaintiffs, despite the case being two years old, because "a delay in discovery, without more, does not amount to unfair prejudice"); *Shulman v. Becker & Poliakoff, LLP*, No. 17-cv-9330, 2018 U.S. Dist. LEXIS 175771, at \*11 (S.D.N.Y. Oct. 11, 2018)

NYAG v. PHEAA, No. 19-cv-9155
Page 3

(declining to find prejudice where plaintiff's only basis for opposing the stay was that it would delay the case).

Because this case has been pending for less than four months, a mere delay in discovery is insufficient to show prejudice.  PHEAA seeks only a short stay pending the Court's ruling on its motion to dismiss.  *See Integrated Sys. & Power, Inc.*, 2009 U.S. Dist. LEXIS 78476, at *4 (finding no prejudice where discovery would only be stayed for "a few months").

*PHEAA's motion to dismiss is well-founded in the law.*  A "stay of discovery should be granted where a motion to dismiss 'is potentially dispositive, and appears to be not unfounded in the law.'"  *Boelter v. Hearst Communs., Inc.*, 2016 U.S. Dist. LEXIS 12322, at *16 (S.D.N.Y. Jan. 28, 2016) (quoting *Gandler v. Nazarov*, No. 94-cv-2272, 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 14, 1994)).[1]

PHEAA's motion will raise several independent bases for dismissal, each firmly founded in the law.  Indeed, courts have dismissed claims against PHEAA raising near-identical allegations on some of these bases.  *See, e.g.*, *Winebarger v. PHEAA*, __ F. Supp. 3d , No. 19-cv-1503, 2019 U.S. Dist. LEXIS 196821, at *20–23 (C.D. Cal. Aug. 21, 2019).  *See also Integrated Sys. & Power, Inc.*, 2009 U.S. Dist. LEXIS 78476, at *4 (granting stay where defendant asserted "multiple, independent arguments for dismissal" that "appear[ed] not to be unfounded in the law").  Even the prospect of partial dismissal counsels in favor of a stay.  *See O'Sullivan*, 2018 U.S. Dist. LEXIS 70418, at *27 (staying discovery pending the court's ruling on defendants' motions to dismiss because "the areas of discovery may well be substantially reduced, if not eliminated"); *Spinelli*, 2015 U.S. Dist. LEXIS 155816, at *5 ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive.").

In light of the foregoing, PHEAA respectfully requests that the Court schedule a pre-motion conference to address the proposed motion.

Respectfully submitted,

*/s/ Marjorie J. Peerce*

Marjorie J. Peerce

---

[1]     Although some courts have required a defendant to make a "strong showing that Plaintiffs' claim is unmeritorious," as Judge Sullivan explained, "the weight of the authority in the Southern District of New York" requires a more modest showing that there are "substantial grounds" for dismissal that "appear[] to be not unfounded in the law."  *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-cv-2437, ECF No. 20 at 6 & n.1 (S.D.N.Y. June 12, 2008).  In any event, PHEAA meets even the heightened "strong showing" requirement, as demonstrated in its letters seeking leave to file a motion to dismiss.