UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>                              Plaintiff,<br>      v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, d/b/a FEDLOAN SERVICING and AMERICAN EDUCATION SERVICES,<br>                              Defendant. | Case No. 19-cv-9155 (ER)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STAY DISCOVERY** |

**Preliminary Statement**

The New York Attorney General ("NYAG") submits this memorandum of law in opposition to defendant Pennsylvania Higher Education Assistance Agency ("PHEAA")'s motion seeking a stay of discovery pending the Court's ruling on PHEAA's forthcoming motion to dismiss. The Court should deny PHEAA's motion and allow discovery to move forward. PHEAA has failed to make the required showing of "good cause" for a stay. Importantly, any delay will significantly prejudice the thousands of borrowers who have been and will continue to be harmed by PHEAA's deceptive, unfair, and abusive practices.

**Argument**

Courts do not automatically stay discovery "simply on the basis that a motion to dismiss has been filed." *In re Chase Manhattan Corp. Sec. Litig.*, No. 90-cv-6092, 1991 U.S. Dist. LEXIS 6136, at *1 (S.D.N.Y. May 7, 1991). Rather, the party seeking to stay discovery on such grounds bears the burden of showing that there is "good cause" for a stay. *Guiffre v. Maxwell*, No. 15-cv-7433, 2016 U.S. Dist. LEXIS 6638, at *1 (S.D.N.Y. Jan. 20, 2016). In determining if a party has shown "good cause," courts consider "the risk of unfair prejudice", "whether the

1

defendant has made a strong showing that the plaintiff's claim is unmeritorious," and the "breadth of discovery." *Id*. Here, all three factors weigh against granting a stay.

### A. Delaying discovery would significantly prejudice PHEAA borrowers.

PHEAA's request for a stay should be denied because it would significantly prejudice the ever-growing number of New York borrowers harmed by PHEAA's continued misconduct. Where there is a risk of continuing harm from a party's misconduct, courts deny such requests. In fact, in *Batalla Vidal v. Duke,* No. 16-cv-4756, 2017 U.S. Dist. LEXIS 173428 at *16 (E.D.N.Y. Oct. 19, 2017), the court deemed prejudice to plaintiffs "the most important factor" of the three-pronged test. *See also Daniel v. Navient Sols., LLC*, 17-cv-2503, 2018 U.S. Dist. LEXIS 94003 at *2 (M.D. Fla. May 31, 2018) (considering "harm produced by any delay" in denying stay to student loan servicer). For example, in *Long Island Hous. Servs., Inc. v. Nassau Cnty. Indus. Dev. Agency,* No. 14-cv-3307, 2015 U.S. Dist. LEXIS 161008 (E.D.N.Y. Dec. 1, 2015), the court denied a request for stay of discovery on the ground that it would be "against the public interest in preventing the . . . encouragement and enforcement of discriminatory housing practices." *Id.* at *10. Similarly, in *Vidal,* the court denied a request to stay discovery where it would have prejudiced plaintiffs' ability to challenge the termination of the Deferred Action for Childhood Arrivals (DACA) program before the termination started to affect DACA beneficiaries. 2017 U.S. Dist. LEXIS 173428 at *16-17.

The NYAG continues to receive complaints from borrowers suffering from PHEAA's misconduct. PHEAA services the accounts of tens of thousands of New York borrowers. Each month, new borrowers reach the 120 qualifying payments required to receive forgiveness under the Public Service Loan Forgiveness ("PSLF") program and are erroneously denied loan

forgiveness by PHEAA.[1] Borrowers are also denied the information concerning their loans needed to remedy ineligibility; mistakenly dis-enrolled from income-driven repayment plans; charged inflated monthly payment amounts; subjected to erroneous capitalization of accrued interest; and steered to less beneficial repayment options such as forbearance or consolidation. Many of these harms have long-term consequences that are difficult to remedy, including delaying the borrowers' eligibility for loan forgiveness and thereby increasing the costs of their loans[2] or causing borrowers to give up altogether on participation in the PSLF program. A stay would inflict such harm on additional borrowers and so should be denied.

### B. PHEAA's motion to dismiss lacks merit.

PHEAA's application for a stay also fails because it meets neither of the formulations of the standard for the strength of the motion applied in this Circuit. Many courts have held that the party seeking a stay must make a "strong showing" that the opposing party's claim is "unmeritorious." *See, e.g., Mirra v. Jordan*, No. 15-cv-4100, 2015 U.S. Dist. LEXIS 143465, at *6 (S.D.N.Y. Mar. 1, 2016); *Hearn v. United States*, No. 17-CV-3703, 2018 U.S. Dist. LEXIS 63738, at *2 (E.D.N.Y. Apr. 16, 2018). Others have held that a requesting party must show that there are dispositive grounds for dismissal that are "not unfounded in the law." *Gandler v. Nazarov*, No. 94-cv-2272, 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 14, 1994).

First, PHEAA has not even attempted to make a "strong showing" that the NYAG's claims are "unmeritorious." For this reason alone, this Court should deny the stay. Neither has PHEAA put forth dispositive defenses "not unfounded in law." None of the defenses raised by

---

[1] In the past six months for which data is available alone, over 36,000 new applicants applied for forgiveness. *See* Exs. A and B, line 8, attached.

[2] Generally, otherwise PSLF-qualifying payments made on ineligible loans or payment plans *cannot* retroactively be made qualifying, even if the underlying eligibility issue is corrected.

PHEAA are applicable. The intergovernmental immunity doctrine provides that state law is invalid where it directly regulates or discriminates against the federal government. Here, the state laws in question are of general application and neither directly regulate, nor discriminate against, the federal government. Similarly, the doctrine of derivative sovereign immunity is inapplicable because PHEAA cannot claim, as is required, that in mismanaging its contractual duties, it adhered to the federal government's instructions.[3] Further, the argument that NYAG's PSLF claims are not ripe ignores precedent that a violation of the law constitutes the requisite injury to establish ripeness and standing in a government enforcement action. *See, e.g.*, *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771, 120 S. Ct. 1858, 1862 (2000) ("It is beyond doubt that the complaint asserts an injury to the United States . . . the injury to its sovereignty arising from violation of its laws.")

Finally, PHEAA's preemption defenses have been rejected by multiple courts. *See, e.g., Nelson v. Great Lakes Educ. Loan Servs.*, 928 F.3d 639, 649 (7th Cir. 2019); *Pennsylvania v. Navient Corp.*, 354 F.Supp.3d 529, 553 (M.D. Pa. 2018). Moreover, PHEAA's preemption defenses do not warrant a stay because even if PHEAA prevailed and NYAG's state-law claims were dismissed, similar discovery would be required for the parallel federal-law deceptive practices claims. *See Shulman v. Becker & Poliakoff, LPP*, No. 17-cv-9330, 2018 US Dist. LEXIS 175771, at *7 (S.D.N.Y. Oct. 11, 2018) (denying request for stay where discovery would not be rendered moot even if motion were granted).

---

[3] None of the cases cited by PHEAA hold that a district court loses its broad discretionary power to manage discovery simply because a defendant asserts a claim of immunity. In fact, in *Atkinson v. Goord*, 1-cv-761, 2002 U.S. Dist. LEXIS 16073 (S.D.N.Y. Aug. 28, 2002), which PHEAA cites, the court denied a stay where defendants asserted immunity claims.

## C. The scope of requested discovery is typical and proportional to the harm alleged.

PHEAA asserts that a stay is warranted because of the breadth of discovery sought in this lawsuit. However, the discovery here is proportional to the scope of the harms alleged, which may involve tens of thousands of borrowers and many millions in damages. Thus, PHEAA has not established grounds for a stay. *See, e.g.*, *Vidal*, 2017 U.S. Dist. LEXIS 173428 at *15 (finding that defendants had not shown that the requested discovery was especially burdensome, particularly "in light of the stakes of this case").

PHEAA also claims that a stay is warranted because controversies may arise in the discovery process, such as its claim that it cannot produce certain documents because the Department of Education has issued a "standing directive" forbidding it.  However, such controversies are typical in discovery. Further, courts have already rejected such claims by PHEAA and other student loan servicers. *See, e.g., Massachusetts v. Pennsylvania Higher Educ. Assistance Agency*, No. 1784-cv-2682 (Mass. Super. Ct., Sept. 27, 2018) (rejecting PHEAA's claim that it could not produce records owned by Department of Education) (attached as Ex. C); *CFPB v. Navient Corp.,* No. 17-cv-101, 2018 U.S. Dist. LEXIS 135481, at *3 (M.D. Pa., Aug. 10, 2018) (rejecting similar claim by student loan servicer).

## CONCLUSION

A delay in this proceeding will result in significant harm to the growing number of victims of PHEAA's unlawful conduct. Moreover, PHEAA's motion to dismiss lacks merit, and PHEAA has failed to demonstrate any unusual burden associated with the requested discovery. Therefore, the Court should deny PHEAA's motion to stay discovery. To the extent the Court grants PHEAA's motion, the Court should nonetheless permit jurisdictional discovery to proceed concerning the factual basis of PHEAA's immunity claims.

Dated: January 27, 2019

        Respectfully submitted,

        LETITIA JAMES
        Attorney General of the State of New York
        Attorney for Plaintiff

        /s/ Carolyn M. Fast
        Carolyn M. Fast
        Assistant Attorney General
        Bureau of Consumer Frauds and Protection

        28 Liberty Street
        New York, New York 10005
        (212) 416-6250
        Carolyn.Fast@ag.ny.gov

Of Counsel:

JANE M. AZIA, Bureau Chief
LAURA J. LEVINE, Deputy Bureau Chief
SARAH TROMBLEY, Assistant Attorney General