UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEOPLE OF THE STATE OF NEW
YORK, *by* LETITIA JAMES, *Attorney
General of the State of New York*

      Plaintiff,

   – *against* –

PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE AGENCY,
*d/b/a/* FEDLOAN SERVICING AND
AMERICAN EDUCATION SERVICES,

      Defendants.

**OPINION & ORDER**

19 Civ. 9155 (ER)

RAMOS, D.J.:

  The Pennsylvania Higher Education Assistance Agency ("PHEAA") moves to stay discovery in this case pending the resolution of its motion to dismiss. Because the Court finds that its motion to dismiss has substantial merit and that the plaintiff, the New York Attorney General, will not be prejudiced this early in the litigation, the motion to stay is GRANTED.

**I. BACKGROUND**

  This case concerns the administration of the Public Service Loan Forgiveness program, created by Congress to forgive the federal student loans of individuals who served in a public-service job for ten years. Compl. ¶ 2, Doc. 1. The New York Attorney General alleges that the exclusive servicer of the program, PHEAA, has failed to accurately count qualifying payments and has failed to allow loan borrowers to discover and fix these inaccuracies. Compl. ¶¶ 11, 13. The Attorney General further alleges that PHEAA has failed to properly administer income-driven repayment plans by failing to timely process applications and accurately calculate monthly payments, and she has alleged that PHEAA has deceptively steered borrowers to less beneficial repayment plans. Compl. ¶¶ 17, 18. In response, PHEAA has sought to dismiss the Attorney General's

Complaint pursuant to Federal Rule of Civil Procedure 12(b), arguing that it should enjoy derivative sovereign immunity or intergovernmental immunity, that the claims at issue are not yet ripe, that the Attorney General's state law claims are preempted by federal law, and that the Complaint must be dismissed because the Attorney General has failed to join a necessary and indispensable party, the U.S. Department of Education. *See* Doc. 41.

While that motion is pending, PHEAA seeks to avoid having to respond to the Attorney General's discovery requests, which demand 51 categories of written and electronic records. *See* Doc. 36, Ex. A. In a declaration, the PHEAA's Vice President of Loan Operations indicates that responding to the requests would "require PHEAA to review and potentially produce hundreds of thousands or millions [of] documents," and would potentially cost "hundreds of thousands of dollars" over a period of months. Doc. 36, Ex. B ¶ 5. The Vice President further declares that these requests would require the development of customized queries, in addition to manual reviews of borrower files. Doc. 36, Ex. B ¶ 6. And, he claims, discovery will be further complicated by contracts with the Department of Education that govern the disclosure of documents. Doc. 36, Ex. B ¶ 7.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 26(c), a court has discretion to stay discovery "for good cause." "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Discovery, however, should not be automatically stayed simply on the basis that a motion to dismiss has been filed. *Id.*; *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). "The Court analyzes good cause by application of three factors: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair

2

prejudice to the party opposing the stay." *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016). These factors counsel in favor of granting a stay.

*First*, although the Court takes no position on how it will ultimately rule, PHEAA's arguments are well-founded in the law. In particular, PHEAA claims immunity from the Attorney General's suit under two theories: derivative sovereign immunity — as articulated in *Yearsely v. W.A. Ross Construction Co.*, 309 U.S. 18, 20 (1940) and reaffirmed in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 673 (2016) — and intergovernmental immunity — as articulated in *M'Culloch v. Maryland*, 17 U.S. 316, 425 (1819) and more recently in *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 180 (1988). After reviewing the parties briefing on this motion and PHEAA's initial briefing on its motion to dismiss, the Court concludes that these arguments are not frivolous and constitute the "strong showing" necessary to weigh in favor of stay. This decision is bolstered by the Second Circuit's counsel that immunity "represents not simply a bar on liability but also an entitlement not to stand trial or face the burdens of litigation." *Edrei v. Maguire*, 892 F.3d 525, 532 (2d Cir. 2018).

*Second*, PHEAA has, through the declaration of its Vice President of Loan Operations, shown that the discovery sought by the Attorney General would be burdensome. The Attorney General has not disputed this characterization, rather arguing that the "discovery here is proportional to the scope of the harms alleged . . . ." Doc. 39 at 5 (citing *Batalla Vidal v. Duke*, Nos. 16 Civ. 4756 (NGG) (JO), 17 Civ. 5228 (NGG) (JO), 2017 WL 4737280, at *4 (E.D.N.Y. Oct. 19, 2017)). But *Batalla Vidal* involved only the review of an administrative record and the depositions of several government officials, 2017 WL 437280, at *4, whereas this case involves extensive document discovery that is averred to cost hundreds of thousands of dollars. This level of burden, though not atypical of cases such as this one, also counsel in favor of a stay.

*Third*, the Attorney General has not shown she will suffer unfair prejudice if this stay is granted. She argues that the borrowers she represents will be harmed if PHEAA's alleged conduct were to continue for a longer period of time due to the stay. But this stay would only be for a period of a several months as the Court considers the pending motion to dismiss, and the Attorney General has not identified any specific persons who would be harmed by such a delay. Further, only four months have passed since the Attorney General filed the Complaint. This procedural posture stands in stark contrast to the cases the Attorney General cites in support wherein hundreds of thousands would have lost government benefits if the case were to proceed past a deadline, *Batalla Vidal*, 2017 WL 437280, at *4, or wherein the case had been pending for over 18 months at the time of the stay application, *see Long Island Hous. Services, Inc. v. Nassau County Indus. Dev. Agency*, 14 Civ. 3307 (ADS) (AKT), 2015 WL 7756122, at *4 (E.D.N.Y. Dec. 1, 2015). Accordingly, the Court does not find a delay would unfairly prejudice the Attorney General or the individuals she represents.

### III. CONCLUSION

For the foregoing reasons, PHEAA's motion to stay discovery pending the resolution of its motion to dismiss is granted. The Clerk of Court is respectfully directed to terminate the motion, Doc. 35.

It is SO ORDERED.

Dated:   February 7, 2020
         New York, New York

                                                        _____
                                                        EDGARDO RAMOS, U.S.D.J.