# Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Thomas F. Burke
Tel: 215.864.8463
Fax: 215.864.8999
burket@ballardspahr.com

March 19, 2020

*By Electronic Filing*

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *People of the State of New York v. Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing and American Education Services*, Civil Action No. 19-cv-9155

Dear Judge Ramos:

In support of its Motion to Dismiss (Doc. No. 40), Defendant Pennsylvania Higher Education Assistance Agency (PHEAA) respectfully submits this notice of supplemental authority.

On March 16, 2020, in *Love v. PHEAA*, No. 19-cv-2387 (Doc. No. 32) (attached as Exhibit A), the United States District Court for the Northern District of Georgia dismissed class-action plaintiffs' state-law claims that PHEAA failed to properly administer the Public Service Loan Forgiveness (PSLF) program. The court concluded that plaintiffs, who had not alleged completion of the 120 qualifying payments necessary to obtain loan forgiveness, failed to allege an injury-in-fact sufficient to confer Article III standing. The court also found that plaintiffs' claims were unripe for similar reasons. The court explained:

> [A]t the core of Plaintiffs' PSLF Program Claims is the fear that they would have made 120 qualifying payments and would have worked for a qualified employer for 10 years and therefore should be eligible to submit an application to the [Department of Education] for loan forgiveness, but they will be unable to do so or their application will ultimately be denied because PHEAA would have failed to calculate their qualifying payments correctly. However, this 'speculative chain of possibilities' requires both assumptions that Plaintiffs will fulfill all of the PSLF program requirements and guesswork regarding the [Department of Education's] future decision on specific plaintiffs' applications. This is the type of hypothetical injury that courts have found to be insufficient to confer standing.

> Indeed, Plaintiffs have not applied for loan forgiveness nor have they alleged that they are currently eligible to do so. The Complaint also does not allege the reason for the high rate of application denials to date. To conclude that those denials

NYAG v. PHEAA, No. 19-cv-9155
Page 2

> portend that Plaintiffs' applications will likewise be denied is to engage in speculation.
>
> . . .
>
> In sum, taking the allegations in the Complaint as true and viewing them in the light most favorable to Plaintiffs, the Court concludes that the feared denials of Plaintiffs' not yet filed applications depend on future contingencies that may or may not occur and therefore are not 'certainly impending.' They are based on conjecture. Accordingly, Plaintiffs do not have standing to bring their PSLF Program Claims.

*Love* at 12–13 (internal citations and footnotes omitted).

The court applied the same analysis "to the consideration of whether these issues are fit for adjudication at this time," and reached the same conclusion: that because plaintiffs' claims were "hypothetical and involve contingencies that require speculation," they were "premature" and thus not "fit for adjudication at this time." *Id.* at 14–15.

In considering PHEAA's arguments regarding standing and ripeness, (*see* Doc. No. 41, at 20–26; Doc. No. 52, at 8–11), PHEAA requests that the Court take notice of *Love* and consider it in reaching its decision.

Respectfully submitted,

*/s/ Thomas F. Burke*

Thomas F. Burke

TFB/lac
Enclosures