

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA
BUREAU CHIEF
CONSUMER FRAUDS & PROTECTION BUREAU

May 8, 2020

The Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *State of New York v. Pennsylvania Higher Educ. Assistance Agency*, **No. 19-cv-9155 (ER)**

Dear Judge Ramos:

      Plaintiff the New York Office of the Attorney General ("NYAG") writes in accordance with the Court's direction in its May 1, 2020 Opinion and Order ("Opinion") that the parties may submit letters concerning whether the Court should "authorize limited discovery to determine PHEAA's entitlement to *Yearsley* immunity." (Opinion at 37.) The NYAG believes that full discovery is warranted at this juncture. First, the Court has already expressed skepticism as to the merits of PHEAA's *Yearsley* immunity claim. Second, the Court has adopted the reasoning of the Second Circuit in *Boyle v. United Technologies Corp.*, and held that it is a defense on the merits. (Opinion at 13.) Third, because the facts underlying any potential entitlement by PHEAA to *Yearsley* immunity are inextricably intertwined with the facts that would give rise to PHEAA's substantive liability, and therefore authorizing only limited discovery would do little to reduce any alleged discovery burden and provide little efficiency to set against the delays such an approach would impose.

      "A trial court enjoys wide discretion in its handling of pre-trial discovery." *In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998). In some instances, it may be possible to tailor initial discovery to address only some threshold defense largely independent of the merits. *See, e.g., Atkinson v. Goord*, No. 01 CIV. 0761 (LAK), 2002 WL 1997887, at *1 (S.D.N.Y. Aug. 28, 2002). However, in the present case, the facts underlying the NYAG's allegations of liability and PHEAA's claims of *Yearsley* immunity substantially overlap. PHEAA argued in its briefing on its motion to dismiss that it is entitled to *Yearsley* immunity because "[t]he terms of PHEAA's performance…are specifically and entirely dictated by its Servicing Contract with the Department, applicable statutes and regulations, and the Department's day-to-day directives" and

"PHEAA has acted at all times within the scope of its duly authorized federal contract." (PHEAA Mem. of Law in Support of its Mot. to Dismiss at 1-2.)  The Court recognized that PHEAA did not argue that the Department of Education ("ED") "instructed [PHEAA] to incorrectly report to borrowers the number of PSLF-qualifying payments borrowers made, to provide incorrect monthly payment amounts in IDR plans, to fail to recertify applications in a timely fashion, or any of the other conduct that forms the basis of the NYAG's Complaint." Indeed, the Court noted that such claims would "strain credulity."  (Opinion at 13.)

Moreover, PHEAA's immunity defense by its own argument rests on two controverted factual issues—what, precisely, ED directed it to do in administering federally-owned Direct loans, and *what it actually did* in performing tasks such as calculating and reporting to borrowers the number of PSLF-qualifying payments, calculating and reporting monthly payment amounts in IDR plans, and recertifying IDR plan applications.  But these facts also provide direct evidence of PHEAA's liability on the merits on the NYAG's claims that PHEAA engaged in deceptive, unfair, and abusive conduct in carrying out *those very same activities*.  The NYAG's first set of Requests for Production (served before the Court stayed discovery pending resolution of the motion to dismiss) is unquestionably directed at eliciting such information.  Because the factual issues relevant to PHEAA's claim of *Yearsley* immunity overlap substantially with facts relevant to PHEAA's substantive liability, limiting discovery would be inefficient and offer no real benefits to counterweigh the significant delay and duplication of efforts that would be required.

Additionally, as this Court has noted, PHEAA's immunity defense applies only to NYAG claims concerning federal Direct loans (Opinion at 10 n.2).  It does not apply to privately-held FFEL loans.  Discovery on claims to which the immunity defense does not apply should not be delayed by the assertion of that categorically irrelevant defense.  Importantly, the factual and legal basis for the claims to which PHEAA's immunity defense unquestionably does not apply overlaps with that of those claims to which it in theory might.  For instance, borrowers of FFEL loans, to which PHEAA's immunity defense does not apply, are entitled to participate in certain IDR plans.  (Compl. ¶ 17 n.6)  The NYAG's claims concerning miscalculation of monthly payment amounts and failure to timely recertify eligibility (Compl. ¶¶ 175-221) apply to those borrowers just as they do to Direct loan borrowers (indeed, some borrowers may have both kinds of loans).  It is likely that a common infrastructure and personnel give rise to common problems regardless of the type of loan at issue.  It would make little sense to conduct discovery on these issues for FFEL loans only, leaving open the necessity of repeating the same process of inquiry for Direct loans later.

Thus, the NYAG respectfully requests that the Court authorize that the parties proceed immediately to full discovery on all the NYAG's claims. *See All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 (2d Cir. 2006) ("where the evidence concerning [a threshold issue] overlaps with evidence on the merits, the Court might prefer to proceed to trial and make its [threshold] ruling at the close of the evidence").

        Respectfully submitted,

        /s/Sarah E. Trombley
        Sarah E. Trombley
        *Assistant Attorney General*
        Bureau of Consumer Frauds and Protection
        (212) 416-8294
        sarah.trombley@ag.ny.gov

cc: Counsel of record (via ECF)