USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 8/7/2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,

Plaintiff,

v.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, d/b/a FEDLOAN SERVICING and AMERICAN EDUCATION SERVICES,

Defendant.

Civil Action No. 19-cv-9155

STIPULATED PROTECTIVE ORDER

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order—including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., documents or communications, including deposition testimony, as defined in the Southern District of New York's Local Rule 26.3, provided in the course of discovery in this action, or information contained therein) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that the person believes in good faith to contain non-public trade secrets, proprietary business information, competitively sensitive information, other information the public disclosure of which would, in the good faith judgment of the designating party, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients or would be contrary to law or regulation, personal information (with respect to any individual), or information the public disclosure of which might reasonably be considered likely to be injurious to individual borrowers whose student loans were or are serviced by PHEAA ("Borrowers").

3. To the extent that Discovery Material, or portions thereof, pertains directly to an individual identifiable Borrower, as long as the information could otherwise be appropriately be designated "Confidential" under this Order, the New York Attorney General may designate the portions pertaining to such a Borrower as "Confidential" regardless of which party produces the Discovery Material, unless the Borrower objects in writing. The New York Attorney General shall use reasonable efforts to make such a designation promptly upon determining that such Material should be designated "Confidential."

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony, in whole or in part, or exhibits not previously produced in this action may be designated (in the case of testimony only, by

any party or party's counsel) as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript, and in any event shall be deemed "Confidential" by the parties until the five-day period has elapsed without written notice by either party. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. Parties will make reasonable efforts to designate Discovery Material besides deposition testimony or deposition exhibits not previously produced in this action as "Confidential" at the time of its production. However, if at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within ten (10) business days of providing such notice. If the New York Attorney General wishes to designate Discovery Material not produced by itself as "Confidential" pursuant to paragraph (3), the New York Attorney General shall follow the same procedure.

**Who May Receive Confidential Materials**

6. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a) the parties to this action;

(b) as to any document that pertains in whole or in part solely to an individual Borrower or the servicing of that Borrower's loans, that Borrower and any counsel for that Borrower, except that if the document does not pertain wholly to that Borrower or the servicing of that Borrower's loans, only the portions pertaining to that Borrower or the servicing of that Borrower's loans may be disclosed to the Borrower and the Borrower's counsel;

(c) counsel employed by the parties, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(d) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy or identified by the producing party as being a custodian thereof;

(e) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, for purposes of preparing that witness for potential testimony only, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(g) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(h) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system or data stored on such a system and technical personnel performing duties to support attorney remote access to data or communications;

(i) the Court and its staff;

(j) any current employee of the Department of Education who has official responsibilities relating to PHEAA's loan servicing, complaints by borrowers against PHEAA relating to its loan servicing, or student loan servicing in general; and

(k) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

7. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(e) or 6(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Parties shall follow the same procedure if a person referred to in 6(k) consents to sign the Non-Disclosure Agreement.

8. If Confidential Discovery Material in the possession of a receiving party are subpoenaed by any court, administrative or legislative body, or any other person purporting to have

authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including the delivery of a copy thereof) to the attorneys for the Producing Party ten days prior to the time when production of the information is requested by subpoena. In the event that the subpoena purports to require production of such Confidential Discovery Material on less than ten days' notice, the party to whom the subpoena is directed shall give prompt telephonic notice of the receipt of such subpoena, and forthwith deliver by email, hand or facsimile a copy thereof, to the attorneys for the producing party. Absent a court order to the contrary, the party to whom the subpoena is directed may comply therewith, but if application for a protective order is made promptly before the return date, the party to whom the subpoena is directed shall not produce such Confidential Discovery Material prior to receiving a court order or the consent of the producing party. If the party asserting confidentiality intends to make application for a protective order with respect to subpoenaed Confidential Discovery Material, it shall so inform the subpoenaed party as soon as is reasonably possible.

**Filing Confidential Materials in this Action**

9. Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

10. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow § 3 of Judge Ramos's Individual Practices with respect to

pretrial requests for filing under seal. For the avoidance of doubt, no party is required by this order to seek to file Confidential Discovery Material with the Court under seal unless otherwise agreed to by the parties.

11. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

12. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of a document or communication that it claims is subject to a claim of attorney-client privilege attorney work product, or, as applicable, the privilege for material prepared in anticipation of litigation, a producing person inadvertently discloses documents or communications subject to a claim of attorney-client privilege, attorney work product protection, or, as applicable, the privilege for material prepared in anticipation of litigation ("Inadvertently Disclosed Communication"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Communication and its subject matter.

13. If a disclosing person makes a claim of inadvertent disclosure in writing, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Communication, and provide a certification of counsel that all such Inadvertently Disclosed Communication has been returned or destroyed.

14. Within five (5) business days of the notification that such Inadvertently Disclosed Communication has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Communication.

15. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Communication, the person shall seek the Court's permission to file the motion under seal as specified in the Court's Individual Rules, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. For the avoidance of doubt, the receiving person may still raise any good-faith claim that the producing party did not take reasonable steps to prevent the production of the Inadvertently Disclosed Communication. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Communication. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that the parties to the litigation may retain one (1) copy of documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.

17. This Protective Order may be modified only by a writing executed by the parties and approved by the Court. No term of this Protective Order shall be waived except by means of a writing executed by the waiving party.

18. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

For Plaintiff(s):

Signed: /s/ Sarah E. Trombley

Name: Sarah E. Trombley

Dated: 8/5/20

For Defendant(s):

Signed: /s/ Thomas F. Burke

Name: Thomas F. Burke

Dated: 8/5/20

**SO ORDERED**.

Dated: August 7, 2020

**EDGARDO RAMOS**
**United States District Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, d/b/a FEDLOAN SERVICING and AMERICAN EDUCATION SERVICES,<br><br>Defendant. | Civil Action No. 19-cv-9155<br><br>NON-DISCLOSURE AGREEMENT |

I, ________________________ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ______________

__________________________
[Signature]