

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA
BUREAU CHIEF
CONSUMER FRAUDS & PROTECTION BUREAU

February 12, 2021

The Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *State of New York v. Pennsylvania Higher Educ. Assistance Agency*, No. 19-cv-9155 (ER)

Dear Judge Ramos:

Pursuant to Rule 2.A.ii of Your Honor's Individual Practices, plaintiff the New York Office of the Attorney General ("NYAG") requests a pre-motion conference regarding NYAG's contemplated motion to compel production of documents requested in NYAG's June 23, 2020 First Amended Request for Production that were created during the time period of October 3, 2013[1] through August 26, 2016. The Parties have met and conferred in connection with NYAG's request for such production.

NYAG is entitled to discovery of relevant documents created between October 3, 2013 and August 26, 2016 because, *inter alia*, such documents were created within the six-year statute of limitations applicable to NYAG's Exec. Law § 63(12) pursuant to C.P.L.R. § 213(9). C.P.L.R. § 213(9) was enacted on August 26, 2019 and applies retroactively to NYAG's Exec. Law § 63(12) claims. *See People v. Allen*, 2021 N.Y. Misc. LEXIS 468, at *14-15 (Sup. Ct. N.Y. Cnty. Feb. 4, 2021) (C.P.L.R. § 213(9) applies retroactively to accrued Exec. Law § 63(12) claims). Moreover, even if the statute of limitations for NYAG's Exec. Law § 63(12) claims were three years, NYAG would still be entitled to documents pre-dating the three-year period to the extent such documents are relevant to NYAG's actionable claims. *See, e.g.*, *Paine v. U.S. Govt.*, 682 F. Supp. 739, 741 (E.D.N.Y. 1987).

**Facts.** NYAG has brought claims under federal and state law, including under Exec. Law § 63(12), for PHEAA's deceptive, unfair, and abusive practices in servicing federal student loans

---

[1] NYAG's First Amended Request for Production requested documents from January 1, 2013 through to date. PHEAA has taken the position that no documents created prior to August 26, 2016 are discoverable. While NYAG maintains that relevant documents for the full requested period are discoverable, NYAG here seeks documents for a portion of the disputed time-period, October 3, 2013 through August 26, 2016, which corresponds with the applicable six-year statute of limitations for NYAG's Exec. Law § 63(12) claims.

of New York residents. PHEAA is the exclusive servicer for the Public Service Loan Forgiveness ("PSLF") program and is responsible for tracking the progress of borrowers working in public service towards the 120 qualifying loan payments required for forgiveness of their federal loans. The complaint alleges that PHEAA has systematically failed to meet its responsibilities as a servicer. Among many other issues, it has provided borrowers seeking PSLF incorrect qualifying payment counts and delayed more than a year in some cases even explaining the basis of its counts. PHEAA has also miscalculated payment amounts for borrowers in income-driven repayment plans (which base monthly payments on income) and has failed to timely process borrower applications for such plans, confronting borrowers with bills they have already demonstrated they lack the ability to pay.

**NYAG's Exec. Law § 63(12) claims are subject to a six-year statute of limitations**

NYAG's Exec. Law § 63(12) claims are subject to a six-year statute of limitations pursuant to C.P.L.R. § 213(9). C.P.L.R. § 213(9) was enacted in August 2019 in response to a 2018 decision, *People v. Credit Suisse Sec. (USA) LLC*, which held that the statute of limitations for Exec. Law § 63(12) claims for fraud cognizable solely under § 63(12) was three years. 31 N.Y.3d 622, 634 (2018). Prior to *Credit Suisse*, courts recognized a six-year statute of limitations for claims brought under Exec. Law § 63(12). *See, e.g., State v. Cortelle,* 38 N.Y.2d 83, 89 (1975); *People v. Trump Entrepreneur Initiative, LLC,* 137 A.D.3d 409, 416-18 (1st Dep't 2016)*.* C.P.L.R. § 213(9) went into effect on August 26, 2019, prior to the filing of NYAG's Complaint on October 3, 2019.

A recent case, *People v. Allen*, confirms that C.P.L.R. § 213(9)'s six-year statute of limitations applies retroactively to accrued Exec. Law § 63(12) claims. 2021 N.Y. Misc. LEXIS 468, at *14-15. The *Allen* court explained that C.P.L.R. § 213(9) applied retroactivity to NYAG's claims because the statute is remedial, and "remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose." 2021 N.Y. Misc. LEXIS 468, at *14 (*quoting Gleason v. Michael Vee, Ltd.*, 96 N.Y.2d 117, 122-23 (2001)). *See also, Bros. v. Florence*, 95 N.Y.2d 290, 299-300 (2000); *Nelson v. HSBC Bank USA*, 87 A.D.3d 995, 997 (2d Dep't 2011).

Legislation is "remedial" and applies retroactively where (a) the legislature "convey[s] a sense of immediacy" by "act[ing] swiftly" to correct a court decision and directing that the legislation take effect immediately, and (b) where "the purpose of the amendment was to clarify what the law was always meant to do and say." *Gleason v. Michael Vee, Ltd.*, N.Y.2d at 122-23 (*quotations omitted*). Here, the legislature acted swiftly to enact C.P.L.R. § 213(9) in response to the *Credit Suisse* decision and directed that the amendment was to take effect immediately. *See* 2019 N.Y. Senate-Assembly Bill S6536, A8318. In addition, C.P.L.R. § 213(9) was enacted to clarify "what the law was always meant to do and say" -- the Sponsor's Memorandum for C.P.L.R. § 213(9) explicitly states that the legislation was enacted to "correct" the *Credit Suisse* decision and to "[c]larify that the statute of limitations for claims under the … Executive Law is six years." Sponsor's Mem., L 2019, ch 184, https://nysenate.gov/legislation/bills/2019/s6536.

Moreover, retroactive application of C.P.L.R. § 213(9) does not raise due process concerns. The retroactive application of a statute to revive claims generally poses no issue under the Due Process Clause of the United States Constitution. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S.

211, 229 (1995) (Statutes of limitations "can be extended, without violating the Due Process Clause, after the cause of the action arose and even after the statute itself has expired."); *Chase Sec. Corp. v Donaldson,* 325 U.S. 304, 311-12 (1945) ("[W]here lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar.").

A statute reviving claims also satisfies the Due Process Clause of the New York State Constitution where, as here, the statute was enacted as a "reasonable response" "to remedy an injustice." *Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 30 N.Y.3d 377, 400 (2017). Here, C.P.L.R. § 213(9) was enacted in response to *Credit Suisse*'s decision imposing a three-year statute of limitations on Exec. Law § 63(12) claims. The Sponsor's Memorandum explains that a three-year statute of limitations "jeopardizes the state's ability … to protect investors and consumers, prevent bad practices, and hold companies accountable for fraud and illegal conduct. It also impairs [NYAG's] ability to recover relief for consumers harmed by such conduct." Sponsor's Mem., L 2019, ch 184, https://nysenate.gov/legislation/bills/2019/s6536. The amendment restoring the limitations period to six years is a "reasonable" response to these injustices because it simply restores the status quo by reinstating a limitations period that was broadly recognized prior to *Credit Suisse*.

**NYAG is entitled to relevant documents created during the disputed period, regardless of the applicable statute of limitations for NYAG's claims**

NYAG is entitled to discovery of relevant documents created in the period of October 3, 2013 through August 26, 2016, regardless of the applicable statute of limitations for NYAG's Exec. Law § 63(12) claims. Courts routinely hold that it is the relevance of the information contained in the requested documents – not the timing of events in relation to their creation – that determines discoverability. *See, e.g.*, *EEOC v. Kansas City S. Ry.*, 195 F.R.D. 678, 679 (D. Kan. 2000) ("[W]ith regard to temporal scope, discovery of information both before and after the liability period" may be relevant, and "courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period.") Accordingly, even if the statute of limitations for NYAG's Exec. Law § 63(12) claims were three years, NYAG would still be entitled to documents pre-dating the three-year period to the extent that such document are relevant to NYAG's actionable claims. For example, borrower complaints, servicing records, and communications pre-dating the actionable period are discoverable to the extent that the documents are relevant to NYAG's actionable claims. *See, e.g.*, *Paine v. U.S. Govt.*, 682 F. Supp. 739, 741 (E.D.N.Y. 1987).

                                                Respectfully submitted,
                                                /s/ Carolyn M. Fast
                                                Carolyn M. Fast
                                                *Assistant Attorney General*
                                                Bureau of Consumer Frauds and Protection
                                                (212) 416-6250
                                                Carolyn.fast@ag.ny.gov