**Ballard Spahr** LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Thomas F. Burke
Tel: 215.864.8463
Fax: 215.864.8999
burket@ballardspahr.com

February 19, 2021

*By Electronic Filing*

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *People of the State of New York v. Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing and American Education Services, 19-cv-9155*

Dear Judge Ramos:

On behalf of the Pennsylvania Higher Education Assistance Agency (PHEAA) and pursuant to Rule 2.A.ii of this Court's Individual Practices, we write in response to the New York Office of the Attorney General's (NYAG) letter (Doc. No. 73) requesting a pre-motion conference in anticipation of a motion by NYAG to compel production of documents.

NYAG seeks production of documents dating between October 3, 2013 and August 26, 2016 on the theory that the 2019 amendment to C.P.L.R. § 213, which lengthened the statute of limitations for certain claims arising under Exec. Law § 63(12) from three to six years, applies retroactively to revive NYAG's expired claims. NYAG is mistaken. Notwithstanding a recent trial-court decision applying C.P.L.R. § 213(9) retroactively in *People v. Allen*, 452378/2019, 2021 N.Y. Misc. LEXIS 468 (N.Y. Sup. Ct. Feb. 4, 2021), the Court of Appeals has held that for an extension of a statute of limitations to apply retroactively, and thereby revive expired claims, "the statute's text must unequivocally convey the aim of reviving claims." *Matter of Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*, 154 N.E.3d 972, 992 (N.Y. 2020). Because the text of the statute amending C.P.L.R. § 213 contains no such language, NYAG's claims that had already expired by the time the statute of limitations was extended to six years were not revived, and remain time-barred. Further, NYAG has not shown and cannot show the relevance of documents predating the statute of limitations for the vast majority of its 46 pending document requests, and the parties have not met and conferred on that issue on a request-specific basis. PHEAA has already produced documents predating August 26, 2016 that are clearly relevant to NYAG's claims (such as contracts, policies, and procedures created before that date but whose operative dates extended past it).

**The amendment to C.P.L.R. § 213(9) did not revive NYAG's expired Exec. Law § 63(12) claims.** In *People v. Credit Suisse Sec. (USA) LLC*, the Court of Appeals held that claims arising solely under Exec. Law § 63(12) were subject to a three-year statute of limitations. *See*

107 N.E.3d 515, 521 (N.Y. 2018). The following year, on August 26, 2019, the New York legislature adopted C.P.L.R. § 213(9), which provides that such claims are governed by a six-year statute of limitations. *See* S6536, 2019–2020 Reg. Sess. (N.Y. 2019), https://www.nysenate.gov/legislation/bills/2019/s6536 (enacted as L 2019, ch. 184). The question presented is whether the newly created C.P.L.R. § 213(9) applies retroactively to revive claims that had expired as of August 25, 2019—i.e., claims predicated on conduct occurring between August 26, 2013 and August 25, 2016.

NYAG cites *People v. Allen* for the proposition that C.P.L.R. § 213(9) applies retroactively. *See Allen*, 2021 N.Y. Misc. LEXIS 468, at *14–15. The *Allen* court based its analysis on a 2001 decision, *Gleason v. Michael Vee, Ltd.*, 749 N.E.2d 724 (N.Y. 2001), but did not consider a more recent controlling decision: *Matter of Regina Metro. Co., LLC v N.Y. State Div. of Hous. & Cmty. Renewal*, 154 N.E.3d 972 (N.Y. 2020). In *Regina*, the Court of Appeals recognized that revival of expired claims requires "an unambiguous statement of legislative intent" in the text of the statute itself:

> If retroactive application would not only impose new liability on past conduct but also revive claims that were time-barred at the time of the new legislation, we require an even clearer expression of legislative intent than that needed to effect other retroactive statutes — **the statute's text must unequivocally convey the aim of reviving claims**. . . . Indeed, **it is a bedrock rule of law that, absent an unambiguous statement of legislative intent, statutes that revive time-barred claims if applied retroactively will not be construed to have that effect**.

*Id.* at 992 (emphasis added) (internal citation omitted). The Court characterized this as a "heightened claim revival standard." *Id.* at 994.

Here, no statutory text warrants revival of expired claims under the heightened standard. Senate Bill 6536, which enacted C.P.L.R. § 213(9), consists of (1) the operative text of the new subdivision, and (2) language providing that it takes effect immediately. *See* S6536, *supra*. As for the latter, "[l]anguage in the statute that it shall 'take effect immediately' does not support retroactive application." *State of New York v. Daicel Chem. Indus., Ltd.*, 42 A.D.3d 301, 302 (N.Y. Sup. Ct. App. Div. 2007) (citing *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 696 N.E.2d 978, 980 (N.Y. 1998)). The Sponsor's Memorandum cited by NYAG does not constitute statutory text and is thus irrelevant to the analysis.

We respectfully submit that *People v. Allen* cannot be reconciled with *Regina* and was therefore wrongly decided. Because the text of the statute does not support retroactive application of the extended limitations period, NYAG cannot rely on it here to revive its expired claims under Exec. Law. § 63(12).

**NYAG must show the specific relevance of documents predating the limitations period.** PHEAA further objects to NYAG's sweeping and disproportionate request for 46 categories

Honorable Edgardo Ramos
February 19, 2021
Page 3

of documents created in the nearly three-year period from October 3, 2013 through August 26, 2016, without any specific showing of relevance as to NYAG's claims predicated on conduct occurring after those dates. "[I]n all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way." *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012). Accordingly, "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352 (1978).

In exercising this discretion, numerous federal courts have used the applicable limitations period as a reasonable cut-off point for discovery. *See*, *e.g.*, *Chow v. Sentosacare, LLC*, No. 19-cv-3541, 2020 U.S. Dist. LEXIS 172510, at *8–10 (E.D.N.Y. July 21, 2020) (collecting cases); *see also Deluca v. Sirius XM Radio, Inc.*, No. 12-cv-8239, 2016 U.S. Dist. LEXIS 69864, at *3–5 (S.D.N.Y. May 27, 2016) (allowing only specific, targeted discovery outside the limitations period after a showing of need and reasonableness). Where discovery outside the statute of limitations would provide evidence that is not meaningfully different from that within the limitations period, it is appropriate for a court to disallow it as cumulative and unjustifiably burdensome. *See Invacare Corp. v. Respironics, Inc.*, No. 04-cv-1580, 2006 U.S. Dist. LEXIS 7602, at *18–21 (N.D. Ohio Feb. 28, 2006). Without a particularized showing of relevance, which NYAG has not proffered to date, PHEAA should not be required to review for relevance the extraordinary volume of correspondence, legacy operational documentation, and other material created prior to August 26, 2016 that NYAG seeks.

Finally, PHEAA has already agreed to produce documents concerning the period of August 26, 2016 onward, *regardless of creation date*, and in fact has already produced many documents created prior to August 26, 2016—over 1000—where such documents have operative legal or procedural effect extending into the period covered by the statute of limitations. These include policies and procedures, training materials, communication templates, and contract provisions that were created prior to August 26, 2016 but remained effective or in use after that date. Similarly, as PHEAA informed NYAG during the parties' meet-and-confers, PHEAA has agreed to produce, and has produced, vast amounts of borrower data that predate August 26, 2016 where such data is necessary to establish the propriety of PHEAA's loan processing occurring after that time. Absent a showing from NYAG as to which categories of documents predating August 26, 2016 sought in its 46 RFPs have not been produced, but are relevant, and why, PHEAA submits that NYAG's request for relief on these issues should be denied.

Respectfully submitted,

Thomas F. Burke

Honorable Edgardo Ramos
February 19, 2021
Page 4

cc: All counsel of record by ECF