

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA
BUREAU CHIEF
CONSUMER FRAUDS & PROTECTION BUREAU

February 23, 2021

The Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      **Re: *State of New York v. Pennsylvania Higher Educ. Assistance Agency*, No. 19-cv-9155 (ER)**

Dear Judge Ramos:

On behalf of the New York Attorney General's Office (NYAG), we write in response to the Pennsylvania Higher Education Assistance Agency (PHEAA) letter (Doc. No. 77) responding to NYAG's letter (Doc. No. 73) requesting a pre-motion conference in anticipation of a motion to compel production of documents.

PHEAA is incorrect in asserting that *People v. Allen*, 452378/2019, 2021 N.Y. Misc. LEXIS 468 (N.Y. Sup. Ct. Feb. 4, 2021), was wrongly decided and that C.P.L.R. § 213(9) does not apply to NYAG's Exec. Law § 63(12) claims for fraudulent and deceptive conduct. The decision cited by PHEAA to support this assertion, *Matter of Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*, 154 N.E.3d 972, 992 (N.Y. 2020), is distinguishable. The *Regina* Court considered retroactive application of an "integrated scheme" for calculating landlords' liabilities for rent overcharges in rent-controlled units that included "the statute of limitations, lookback provision and record retention rules." *Id.* at 979. The *Regina* Court emphasized that the scheme "would not only revive claims for two additional years but, by changing the overcharge calculation methodology to enable review of any illegal rent increase in the history of the apartment, would also **substantially alter the nature of the liability** by resurrecting nonfraudulent overcharges that initially occurred more than four years prior to the complaint but continue to impact the calculation of the current rent." *Id.* at 993 (emphasis added). Because *Regina* considers the retroactivity of an integrated scheme that "substantially alters the nature of the liability," rather than a statute that merely revives a statute of limitations, the *Regina* Court's retroactivity analysis is inapplicable.

The *Regina* Court ultimately concluded that the scheme was intended to be applied retroactively, but held that retroactive application violated due process because it would penalize landlords for disposing of records, conduct that was legal under the prior law. *Id.* at 998-99. Retroactive application of C.P.L.R. § 213(9) does not raise any similar concerns. C.P.L.R § 213(9) simply restores the statute of limitations that was in effect prior to June 2018, when the Court of Appeals issued *People of the State of New York v. Credit Suisse Securities (USA) LLC*, 107 N.E.3d 515 (2018), shortening the statute from six to three years. *See People v. Trump Entrepreneur Initiative LLC*, 26 N.Y.S.3d 66, 73 (1st Dep't 2016) (statute of limitations for Exec. Law §

63(12) fraud is six years). The amendment does not impose penalties for conduct that was legal under prior law.

In any event, as set forth in our prior letter, even if the statute of limitations for NYAG's Exec. Law § 63(12) claims were three years, NYAG would still be entitled to documents pre-dating the three-year period to the extent such documents are relevant to NYAG's actionable claims. NYAG had understood PHEAA to take a categorical approach in objecting to production of documents created prior to August 26, 2013, with the limited exception of certain policy-related documents. However, to the extent PHEAA raises questions about the relevancy of documents sought, the NYAG believes that further meet and confers with PHEAA would be appropriate should the Court conclude that a six-year statute of limitations is not applicable.

        Respectfully submitted,
        /s/ Carolyn M. Fast
        Carolyn M. Fast
        *Assistant Attorney General*
        Bureau of Consumer Frauds and Protection
        (212) 416-6250
        Carolyn.fast@ag.ny.gov